# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 3730 | **DATE** | June 23, 2011 |
| **CASE TITLE** | *Marlan Harris v. United States*[1] | | |

**DOCKET ENTRY TEXT**

Petitioner Marlan Harris has filed a *pro se* motion under 28 U.S.C. § 2255. Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the court's preliminary review indicates that Harris' motion plainly shows that he is not entitled to relief. The court thus dismisses his motion. Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the court denies a certificate of appealability because Harris has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

# STATEMENT

Petitioner Marlan Harris pleaded guilty to one count of attempting to possess with the intent to deliver at least one kilogram but less than three kilograms of heroin. In his plea declaration, he also acknowledged that his statutory minimum sentence was 120 months because of a prior felony drug conviction. *See* 21 U.S.C. §§ 841(b)(1)(B), 851. On April 21, 2009, this court sentenced Harris to his statutory minimum sentence, 120 months, and judgment was entered on May 6, 2009. Harris did not appeal.

Before the court is Harris' motion under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. Any motion under § 2255 must be brought within one year of the date on which the judgment became final. Harris' motion is dated January 18, 2011, long after the one year limitations period had expired for the judgment dated May 6, 2009. *See* 28 U.S.C. § 2255(f)(1). His motion does not identify any grounds for delaying the start of the limitations period, such as an impediment created by the government, newly-discovered facts, or a right newly-recognized by the Supreme Court. *See* 28 U.S.C. § 2255(f)(2)-(4). Accordingly, his motion is denied as untimely.

Even if his motion had been timely filed, it would still be unavailing. In the motion, Harris appears to present four arguments. First, he argues that prosecutors improperly "vouched" for a confidential informant that did not actually exist, thereby violating his constitutional right to a fair trial. However, Harris waived his right to a fair trial by pleading guilty, a right he acknowledged waiving during his plea colloquy. *See United States v.*

---

[1] The proper respondent to a motion under 28 U.S.C. § 2255 is the United States, not the petitioner's warden. *See* Rule 2 of the Rules Governing § 2255 Proceedings. The clerk is therefore directed to correct the docket.

*Ruiz*, 536 U.S. 622, 629 (2002).

Second, Harris argues that prosecutors failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Again, however, by pleading guilty Harris waived his right to the disclosure of *Brady* material. *See Ruiz*, 536 U.S. at 629.

Third, Harris argues that his statutory minimum sentence should have been 60 months, not 120 months, because the government failed to file the information regarding his prior conviction as required under 21 U.S.C. § 851(a)(1), and because he was never given the opportunity to deny the prior conviction. However, the government filed the required information on October 15, 2007 (*see* docket entry #65), and Harris acknowledged the applicability of the enhanced statutory minimum sentence in his plea declaration (*see* Plea Declaration (docket entry #86) ¶ 6).

Finally, Harris argues that his attorney was ineffective for allowing prosecutors to vouch for the informant, withhold *Brady* evidence, and for failing to object to the court's application of the 120 months statutory minimum sentence. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant. *See United States v. Lathrop*, 634 F.3d 931, 937 (7th Cir. 2011). Harris has failed to establish any deficient performance because, as discussed above, he has identified no violation of his right to a fair trial, to the disclosure of exculpatory evidence, or the 120 month statutory minimum sentence.

## CONCLUSION

For the reasons stated, Harris' motion is dismissed as untimely. Pursuant to Rule 11of the Rules Governing § 2255 Proceedings, the court denies a certificate of appealability because Harris has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

rs/cpb